**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**WILLIAM C. CRITTENDEN,**

    **Plaintiff,**

v.                                                                                              Civ. No. 11CV580 WJ/LFG

**THE MCNEELAN; THE BISHOPS; PATTI RENTFRO,**
Brownsville, TX. 1001 Elizabeth St..; **JUSTICE
DEPARTMENT(S); CDCR/CA. DEPT., OF CORRECTIONS;
MILES HUTCHINSON,** Arlington, TX; **FBI; SA;
ROARY KEITH,** apparently detained; **BEXAR and CAMARON
COS; LAKE, MENDOCINO COS; W. WRIGHT; SSA; IRS;
VETERANS ADMINISTRATION; BANK OF AMERICA; AHCH;
DRUG USING CSRS OF SF COURT; DR. HERRING; DR. LLOVERAS;
DR. KINLOCK; BAPTIST HOSPITALS SA; MARICOPA HOSPITAL
(PHX); BOHEMIAN CLUB; G. ORTEGA; CALDERON; SAMUEL
RODRIGUEZ; ISHMAEL RODRIGUEZ; HANK RHON; HON. SEN.
DODD; M PONCE; CITY OF EL PASO** all offices (Alfredo EPPL
the drug user as revealed by Deby;

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on pro se Plaintiff William C. Crittenden's application to proceed *in forma pauperis* ("IFP"), filed June 30, 2011, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must

show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

A complaint may be dismissed as frivolous under § 1915(e)(2) if it is premised on a nonexistent legal interest or delusional factual scenario. *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

> To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke*, 490 U.S. at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court has carefully reviewed the application and the Complaint, which contains at the top the words "Crimes Against Humanity Crimes Against Peace and Children." The Court first notes that Crittenden, who is 67 years old and has no dependents, has not alleged facts showing that he is indigent - he has left blank the spaces where he is to state the amounts he receives each month in social security, SSI, and food-stamp payments. *See* Doc. 2 at 2, 3, 5. Crittenden states that he has $300 in cash. *See id.* at 2. On these facts, the Court concludes that Crittenden's allegation of poverty is untrue, and his motion to proceed IFP must be denied.

In addition, Crittenden's allegations in the Complaint at bar are rambling, disjointed, and patently delusional and they do not state facts upon which a viable federal claim may be based against any Defendant. His Complaint must be dismissed under § 1915(e)(2)(B)(i) and (ii) and *Neitzke*, 490 U.S. at 327-28.

Finally, the Court notes that Crittenden has had a pattern of filing frivolous and delusional petitions against the same defendants he names in his current complaint (as well as other defendants) over the past thirteen years in federal courts located in the Northern District of California, the District of Arizona, and the Western District of Texas. *See, e.g.*, *Crittenden v. DEA*, No. 5:1998-cv-00589, Doc. 7 at 1 (W. Dist. Tex. Aug. 26, 1998) (finding that Crittenden's complaint against various federal and state entities, including the DEA, VA, CIA, FBI, the cities of San Antonio and Brownsville, Bexar County, and the Episcopal Church, to contain only "rambling and unintelligible accusations" that "present no cognizable claims under federal law"); *Crittenden v. McNeelan*, 3:05-cv-02962-JL, Doc. 10 (N. Dist. Cal. Nov. 30, 2005) (finding Crittenden's "complaint to be wholly insubstantial and therefore that this court has no subject matter jurisdiction"); *Crittenden v. Phoenix*, No. 2:01-cv-1893 JWS Doc. 37 (D. Ariz. May 20, 2002)

(dismissing complaint against defendants, including SSA, for lack of subject-matter jurisdiction and failure to state a claim); *Crittenden v. SSA*, No. 3:09-cv-010 Doc. 3 (W. Dist. Tex. Jan. 27, 2009) (dismissing "rambling" complaint titled "Crimes against Peace Crimes Against Humanity" against SSA, VA, Llovera, El Paso P.D., W. Wright, and Justice Department for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Crittenden v. El Paso P.D.*, No. 3:09-cv-118 PRM Doc. 6 (W. Dist. Tex. June 18, 2009) (ordering Crittenden to show cause, in case against the Justice Department, IRS, SSA, VA, Llovera, the Bishops, and W. Wright, why the complaint should not be dismissed for lack of jurisdiction) and Doc. 10 (W. Dist. Tex. July 8, 2009) (order dismissing case). Crittenden recently filed a document in a closed case in the Western District of Texas indicating his intent to begin filing his complaints in the District of New Mexico because of his "filings problems" in the Western District of Texas and because "questions of theft and harassment have not been of constant difficulty" in New Mexico. *Crittenden v. El Paso P.D.*, No. 3:09-cv-118 PRM Doc. 29, filed May 26, 2011 (Crittenden's "Motion to Withdraw" that names new defendants, including Ismael Rodriguez, Calderon, Lloveras, and the Bohemian Club, filed after the case had been dismissed in 2009). Crittenden mentions his problems in attempting to "get the correct petition in the correct court, and in a correct manner," and his belief that he and his "filings have consistently been attacked" in Texas and Phoenix. *See id.* at 2. The Court warns Crittenden that, if he files any other frivolous complaints against these or other defendants in this Court, he will be subject to filing restrictions and other sanctions.

The Court also takes judicial notice that it is Crittenden's practice to continue filing improper documents after his cases have been closed, *see, e.g., Crittenden v. El Paso P.D.*, No. 3:09-cv-118 PRM (containing six orders striking six of Crittenden's improperly filed post-judgment documents plus four additional improperly filed documents after the last order striking documents was filed)

4

*Crittenden v. Phoenix*, No. 2:01-cv-1893 JWS Doc. 40 (D. AZ. June 7, 2002) (denying post-judgment "motion in limine" and directing the Clerk not to accept any further papers from Crittenden except for a notice of appeal).  This Court will not tolerate such behavior.  Crittenden shall not file any further documents in this case other than a notice of appeal.

   **IT IS ORDERED** that Crittenden's application to proceed IFP (Doc. 2) is DENIED;

   **IT IS FURTHER ORDERED** that Crittenden's complaint is DISMISSED without prejudice.

   **IT IS FURTHER ORDERED** that Crittenden shall file no other documents in this case other than a notice of appeal.

                                   _____
                                   UNITED STATES DISTRICT JUDGE